REED SMITH LLP
Peter D. Raymond (PR-3024)
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Defendant*
*Lancome Parfuns et Beaute & Cie*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

UMA THURMAN and KARUNA DREAM, INC.

                Plaintiffs,

                - against -

LANCOME PARFUNS ET BEAUTE & CIE,

                Defendant.

-----------------------------------------------------------------x

08 Civ. 4392 (SAS) (DF)

**ANSWER**

      Defendant Lancome Parfuns et Beaute & Cie ("Lancome"), by and through its attorneys Reed Smith LLP, answers the Complaint (the "Complaint") of Plaintiffs Uma Thurman ("Thurman") and Karuna Dream, Inc. ("Karuna") as follows:

      1.     Paragraph 1 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

      2.     Paragraph 2 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

      3.     Paragraph 3 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

      4.     Admits that Plaintiff Thurman is a motion picture actress, and states that Lancome has no knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint, therefore, denies them.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, therefore, denies them.

6. Admits that Lancome is a French corporation that manufactures and sells perfumes and other cosmetic products. The remainder of Paragraph 6 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

7. Admits only that Lancome and Karuna entered into a written agreement dated April 17, 2000 (the "Agreement"), and acknowledges that Plaintiffs purport to attach a copy of the Agreement to the Complaint. Denies the nature of the remaining allegations contained in Paragraph 7 of the Complaint to the extent that they attempt to characterize the full terms of the parties' agreement and respectfully refers the Court to the Agreement for its complete and correct terms.

8. Admits that Lancome used Thurman's likeness in advertising and promoting the sale of its products in accordance with its Agreement with Karuna. Admits that Lancome sold products to companies affiliated with Lancome and allowed them to use advertising and promotional materials produced by Lancome, including materials that contained Thurman's photograph and/or name in accordance with the Agreement, in-store and on-line. The last sentence of Paragraph 8 contains conclusions of law to which no response is required, and to the extent that an answer is required, the allegations are denied. Denies all other allegations contained in Paragraph 8 of the Complaint that are not admitted.

9. Denies the nature of the allegations contained in Paragraph 9 of the Complaint to the extent that they attempt to characterize the full terms of the parties' agreement, and respectfully refers the Court to the Agreement for its complete and correct terms.

10. Paragraph 10 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

11. Paragraph 11 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

12. Paragraph 12 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

13. Paragraph 13 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

14. Paragraph 14 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

15. In response to Paragraph 15, repeats and realleges each of the allegations and averments set forth herein above in response to Paragraphs 1 through 14 of the Complaint.

16. Paragraph 16 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

17. Paragraph 17 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

18. Paragraph 18 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

19. In response to Paragraph 19, repeats and realleges each of the allegations and averments set forth herein above in response to Paragraphs 1 through 18 of the Complaint.

20. Paragraph 20 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

21. Paragraph 21 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

22. Paragraph 22 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

23. In response to Paragraph 23, repeats and realleges each of the allegations and averments set forth herein above in response to Paragraphs 1 through 22 of the Complaint.

24. Paragraph 24 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

25. Paragraph 25 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

26. Paragraph 26 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

27. In response to Paragraph 27, repeats and realleges each of the allegations and averments set forth herein above in response to Paragraphs 1 through 26 of the Complaint.

28. Paragraph 28 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

29. In response to Paragraph 29, repeats and realleges each of the allegations and averments set forth herein above in response to Paragraphs 1 through 28 of the Complaint.

30. Paragraph 30 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

31. In response to Paragraph 31, repeats and realleges each of the allegations and averments set forth herein above in response to Paragraphs 1 through 30 of the Complaint.

32. Paragraph 32 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, the allegations are denied.

33. To the extent that a response is required to the "Wherefore" paragraph and subparagraphs, Lancome denies all allegations therein.

34. To the extent that any allegation of the Complaint other than those identified above requires a response, Lancome denies all such allegations.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

36. Plaintiffs' claims are barred in whole or in part by the doctrines of equity, estoppel, waiver, laches and unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

37. The Plaintiffs' claims are barred in whole or in part by their failure to act reasonably to mitigate their damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

38. Plaintiffs' claims are barred in whole or part because Lancome acted reasonably, properly, innocently, and in good faith at all times.

## AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

39. Lancome reserves the right to assert additional affirmative defenses, at such time, and to such extent as warranted by discovery and factual developments in this case.

**WHEREFORE**, Defendant respectfully demands judgment:

    A.    dismissing each of Plaintiffs' claims in the Complaint;

    B.    awarding Defendant its costs, disbursements and reasonable attorneys' fees incurred in this action; and

    C.    awarding Defendant such other and further relief in its favor as this Court may deem just and proper.

Dated:    New York, New York
               June 26, 2008

REED SMITH LLP

By: _____
Peter D. Raymond (PR-3024)
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Defendant
Lancome Parfuns et Beaute & Cie*

TO:    JUDD BURSTEIN, P.C.
Judd Burstein, Esq.
1790 Broadway, Suite 1501
New York, NY 10019
(212) 974-2400

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
Bertram Fields, Esq.
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067
(310) 553-3610

*Attorneys for Plaintiffs Uma Thurman and Karuna Dream, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of June, 2008, I caused a true and correct copy of the ANSWER to be served by Electronic Case Filing and by Federal Express addressed to:

JUDD BURSTEIN, P.C.
Judd Burstein, Esq.
1790 Broadway, Suite 1501
New York, NY  10019
(212) 974-2400

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
Bertram Fields, Esq.
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA  90067
(310) 553-3610

*Attorneys for Plaintiffs*
*Uma Thurman and Karuna Dream, Inc.*

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Peter D. Raymond