STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UMA THURMAN and KARUNA DREAM, INC.,

                Plaintiffs,

- against -

LANCÔME PARFUNS ET BEAUTÉ & CIE,

                Defendant.
------------------------------------------------------------X

08 Civ. 4392 (SAS) (DF)

Hon. Shira A. Scheindlin

### PLAINTIFFS' INITIAL DISCLOSURES
### PURSUANT TO FED. R. CIV. P. 26(a)

Plaintiff makes the following initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure:

1.     <u>Persons likely to have discoverable information.</u>  Uma Thurman, c/o Bertram Fields, 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067; Glen Meredith, Steven Lashever and Bryan Lourd, Creative Artists Agency, Inc., 2000 Avenue of the Stars, Los Angeles, California 90067, (424) 288-2000; Jessica Tuchinsky, address and phone number presently unknown; Liz Dalling, Special Artists Agency, 9465 Wilshire Boulevard, Suite 470, Beverly Hills, California 90212, (310) 859-9688, Karen Gottlieb, 152 West 57th Street, 31st Floor, New York, New York 10019-3301, (212) 554-0400; Nardello & Co., 19 West 44th Street, New York, New York 10036, (212) 537-5300, Barry Hirsch, 10100 Santa Monica Boulevard, Suite 1700, Los Angeles, California 90067, (310) 703-1701.

      Mark Menesguen, Marc Dubrule, Francis Mery, Charles de Yturbe and Hugues de Beaugrenier, c/o Lancôme, as well as persons affiliated with Lancôme who are the most knowledgeable with respect to following subjects:

        a.     The negotiation and drafting of the agreement of the parties.

  b.  The retailers or others expressly permitted to use Uma Thurman's likeness in connection with the promotion or sale of any Lancôme product.

  c.  Any efforts by Lancôme to get others to cease using the name or likeness of Uma Thurman in connection with the promotion or sale of Lancôme products.

  d.  The anticipated, estimated or actual economic impact of the use of celebrity likenesses and/or endorsements in connection with the promotion or sale of Lancôme products.

  e.  The anticipated, estimated or actual economic impact of the use of Uma Thurman's name and/or endorsement in connection with the promotion or sale of Lancôme products.

 2.  <u>Document Categories</u>.

  a.  All correspondence and other written communications, including but not limited to e-mails, and all written evidence of oral communications, directing or permitting anyone to use Uma Thurman's name or likeness in connection with any Lancôme product.

  b.  All written notices from Lancôme or its affiliates instructing anyone to cease using Uma Thurman's name or likeness in connection with any Lancôme product.

  c.  All writings evidencing any oral notices from Lancôme or its affiliates instructing anyone to cease using Uma Thurman's name or likeness in connection with any Lancôme product.

  d.  All notices on line from Lancôme or its affiliates instructing anyone to cease using Uma Thurman's name or likeness in connection with any Lancôme product.

  e.  Copies of all advertisements, point of sale and promotional materials of any kind relating to Lancôme or its products and containing Uma Thurman's name or likeness.

  f. Any and all correspondence, memoranda or other writings, including but not limited to e-mails, pertaining to the actual or potential benefits or advantages to Lancôme from the use of Uma Thurman's name or likeness in connection with Lancôme products.

  g. All drafts of agreements or of parts of agreements or of amendments to any agreement between Lancôme and plaintiffs.

  h. All correspondence or other communications, including but not limited to e-mails, between plaintiffs or any representative of plaintiffs and Lancôme or its affiliates or any representative of Lancôme or its affiliates.

  i. All notes, memoranda, e-mails, correspondence and other writings of defendant or its affiliates, including but not limited to e-mails, that include Uma Thurman's name or refer to Uma Thurman.

  j. All Records of defendants or its affiliates showing gross revenues from sales of Lancôme products in each year beginning two years prior to initial agreement between Lancôme and plaintiffs and continuing through 2007.

Plaintiffs are reviewing files and records and may discover other documents than those listed.

 3. <u>Damage Computations</u>.

  a. The fair market value of the use of Thurman's likeness and implied endorsement and association with Lancôme and its products after the date permitted by contract . . . . . . in excess of $5 million.

  b. The economic benefit to Lancôme from use of Thurman's likeness and implied endorsement and association with Lancôme and its products . . . . . . as yet unknown, but believed to be in excess of $5 million.

c.  The loss to Thurman of other agreements for the use of her likeness, endorsement, etc. . . . . . . . as yet unknown, but believed to be in excess of $5 million.

d.  The diminution in value of Thurman's name, likeness and endorsement caused by defendant . . . . . . as yet unknown, but believed to be in excess of $5 million.

Plaintiffs contend that the damages should be trebled.

4. <u>Insurance</u>. Plaintiffs are not currently aware of any insurance policies affecting this matter.

Dated:   July 15, 2008

> BERTRAM FIELDS, ESQ.
> GREENBERG GLUSKER FIELDS
>  CLAMAN & MACHTINGER LLP
> 1900 Avenue of the Stars, Suite 2100
> Los Angeles, California 90067
> (310) 201-7454
>
> JUDD BURSTEIN, P.C.
> 1790 Broadway, Suite 1601
> New York, New York 10019
> (212) 974-2400
>
> By_____
> *Attorneys for Plaintiffs*

84441-00002/1647059.1